**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD MILON FIELDS, | Case No. CV 15-03943-DDP (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| JIM MCDONNEL, et al., | |
| Defendants. | |

On May 26, 2015, Plaintiff Reginald Milon Fields ("Plaintiff"), a California state inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). The Complaint alleges defendants violated Plaintiff's constitutional rights by reading his legal mail. The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Based upon the reasons set forth below, the Court dismisses the Complaint with leave to amend.

///
///
///

**STANDARD OF REVIEW**

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A document filed pro se is to be

liberally construed, and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted).

## DISCUSSION

**I.  The Complaint Does Not Unambiguously Identify the Defendants as Required by Rule 10(a) of the Federal Rules of Civil Procedure**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, it is unclear whether Plaintiff is suing Sheriff Jim McDonnel ("McDonnel"), along with deputies Parilla, Hinton, and Parra. Unlike defendants Parilla, Hinton, and Parra – who are named in both the caption and body of the complaint - McDonnel is only named in the caption. The court is therefore unable to determine whether Plaintiff intended to name McDonnel as a defendant.

If Plaintiff decides to include McDonnel in an amended complaint, he must identify him in both the caption and body of the complaint. Moreover, the Court further advises Plaintiff that McDonnel cannot be named as a defendant in either his official or individual capacity as simply the ultimate supervisor of defendant Parilla, Hinton, and Parra. Rather, "there must be

a showing of *personal participation* in the alleged rights deprivation . . . ." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added and internal citation omitted). See also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). Here, Plaintiff alleges no fact suggesting McDonnel was personally involved, or even aware of, the alleged violations committed by defendants Parilla, Hinton, and Parra.

**II. Plaintiff Has Failed to State a Claim Against Any Defendant in his Official Capacity**

Plaintiff sues defendants Hinton, Portillo, and Parra in both their individual and official capacities. For the reasons discussed below, his official capacity claims must be dismissed.

The U.S. Supreme Court has held an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A

plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). In addition, she must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Here, Plaintiff sues each defendant in his official capacity, but fails to identify any official policy or longstanding custom as the cause of any constitutional deprivation. In fact, the thrust of Plaintiff's complaint is that defendants Portilla, Hinton, and Parilla were acting *in violation* of the relevant policies regarding inmate legal mail. See e.g. Complaint at 12-13 (alleging defendants' actions were committed in violation "of the law title 15," and "the rules."). Thus, having failed to identify a custom or policy, Plaintiff's official capacity claim against defendants Portilla, Hinton, and Parilla must be dismissed.

**LEAVE TO FILE FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT PLAINTIFF RESPOND TO THIS ORDER ON OR BEFORE JUNE 21, 2015** BY CHOOSING FROM THE FOLLOWING

OPTIONS:

1)   Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the FAC, which plaintiff is encouraged to utilize.**

If Plaintiff chooses to file a FAC, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  The FAC must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the court will treat all preceding complaints as nonexistent.  Id.  Because the court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2)   Alternatively, Plaintiff can choose to proceed on his claims against defendant Portilla, Hinton, and Parra in their individual capacities.  If Plaintiff chooses this option, he can simply file a Notice of Dismissal dismissing (1) all claims against Sheriff Jim McDonnel; and (2) only the official capacity claims against defendant Portilla, Hinton, and Parra.  **The Clerk of Court is directed to mail Plaintiff a blank Central District**

notice of dismissal form.

    Plaintiff is admonished that if he fails to timely file a sufficient FAC or fails to respond to this Order, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.

DATED: June 1, 2015

HON. KENLY KIYA KATO
U.S. MAGISTRATE JUDGE