UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3943-DDP (KK) | Date | July 22, 2015 |
|---|---|---|---|
| Title | Reginald Milon Fields v. Jim McDonnel, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:**    Order Denying Request for Appointment of Counsel [Dkt. 8]

The court is in receipt of Plaintiff's Request for Appointment of Counsel. ECF Docket No. 8. In his Request, Plaintiff asks the court to appoint counsel so he may issue summons forms to the named defendants in this action. Id. As an initial matter, the court notes it has recommended the action be dismissed without prejudice because of Plaintiff's failure to file an amended complaint pursuant to prior court orders. See ECF Docket No. 6. Moreover, the court has considered the arguments proffered by Plaintiff in support of the instant Request. As set forth below, the court does not find "exceptional circumstances" justifying the appointment of counsel at this stage. Thus, the court hereby **DENIES** without prejudice the request for appointment of counsel.

There is no constitutional right to appointed counsel in civil rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The court has no direct way to pay appointed counsel and cannot compel an attorney to represent a plaintiff. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301-10, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). In exceptional circumstances, the court may request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1); *see Mallard*, 490 U.S. at 301-10. To decide whether "exceptional circumstances" exist, the court evaluates both the likelihood of a plaintiff's success on the merits and plaintiff's ability to articulate claims pro se. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). At this juncture in the case, the court does not find that such exceptional circumstances exist. The court assures Plaintiff that it will liberally construe the pleadings and give Plaintiff the benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3943-DDP (KK) | Date | July 22, 2015 |
|---|---|---|---|
| Title | Reginald Milon Fields v. Jim McDonnel, et al. | | |