**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD MILON FIELDS, Plaintiff, v. JIM MCDONNEL, et al., Defendants. | Case No. CV 15-03943-DDP (KK) ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On September, 2015, Plaintiff Reginald Milon Fields ("Plaintiff"), an inmate proceeding *pro se*, filed a First Amended Complaint ("FAC") in his civil rights action pursuant to 42 U.S.C. § 1983. The FAC sues defendants Deputy Rabadi, Deputy Wong, Doctor Hanisper, Municipality of Los Angeles ("Municipality"), County of Los Angeles ("County"), C.A. Hinton, Deputy Portilla, and Deputy Parra ("Defendants"), alleging they violated Plaintiff's constitutional rights by impeding his medical treatment and mishandling his mail. Based upon the reasons set forth below, the Court dismisses the FAC with leave to amend.

# I.

# BACKGROUND

On May 26, 2015, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Dkt. 1; Compl. 1. The Complaint named defendants Sheriff Jim McDonnel, C.A. Hinton, Deputy Portilla, and Deputy Parra, and alleged they violated Plaintiff's constitutional rights by reading his legal mail. Compl. 1, 5, 15-16.[1] On June 1, 2015, the Court issued an Order dismissing the Complaint with leave to amend for failure to state a claim. Dkt. 3; Order 1. The Court's Order granted Plaintiff leave to cure the Complaint's deficiencies and amend only with respect to the claims raised in the Complaint by filing a FAC. Order 6 ("Plaintiff may file a First Amended Complaint ("FAC") to cure the deficiencies discussed [in the Order]. . . . [T]he court grants Plaintiff leave to amend as to all his claims raised here[, in the Complaint].).

On September 30, 2015, Plaintiff filed the instant FAC against Defendants in their official and individual capacities, alleging nine claims ("Claims One Through Nine") involving the treatment of Plaintiff's staph infection and processing of Plaintiff's mail. Dkt. 19; FAC 1-38.[2]

# II.

# PLAINTIFF'S ALLEGATIONS IN THE FAC

Claims One through Five allege defendants Rabadi, Wong, Hanisper, Municipality, and County impeded the treatment of Plaintiff's staph infection. FAC 7-8, 10-12, 14. Claims Six through Nine allege defendants Hinton, Portilla, Parra, and County mishandled Plaintiff's mail. Id. at 15-17, 25-26.

///

## A. Claim One

---

[1] The Court refers to the Complaint's pages as if they were consecutively paginated.

[2] The Court refers to the FAC's pages as if they were consecutively paginated.

In Claim One, Plaintiff alleges on June 6, 2013, defendant Rabadi denied him access to medical care for his staph infection "knowing that the jail has signs everywhere alerting everybody that if you have a[n] open wound to notify the medical staff immediately." Id. at 8.

**B. Claim Two**

In Claim Two, Plaintiff alleges on June 21, 2013, he told defendant Wong: "I was hospitalized for 1 month for a STAPH infection. I am still swollen and should have never been discharged from the hospital, I am still sick." Id. at 11-12. Plaintiff alleges defendant Wong "escorted [him] to the old man dorm and not the hospital" and said "they will take care of you over here." Id.

**C. Claim Three**

In Claim Three, Plaintiff alleges on June 22, 2013, he showed his staph infection to defendant Hansiper, who prescribed Plaintiff fifteen days of antibiotics. Id. at 10-11. Plaintiff alleges after fifteen days of antibiotics, he asked defendant Hansiper whether swelling decreased around the infection, but defendant Hansiper ignored his question and ordered him to leave his office. Id. Plaintiff further alleges defendant Hanisper consequently "injured Plaintiff because later Plaintiff broke out again with the STAPH Virus." Id. at 11.

**D. Claim Four**

In Claim Four, Plaintiff alleges defendant Municipality failed to maintain a policy of explaining "to staff their duties to take infected inmates immediately to the clinic" and "give proper training[] and supervision to employees so that they know of their obligation to respond to inmates with STAPH symptoms adequately." Id. at 14.

**E. Claim Five**

In Claim Five, Plaintiff alleges defendant County "is responsible for making the rules and regulations/Policies for doctors and Medical staff." Id. at 7.

**F. Claim Six**

In Claim Six, Plaintiff alleges he filed a lawsuit in the Los Angeles Superior Court on June 18, 2014 and defendant Hinton caused the lawsuit to be voided. Id. at 17, 25-26. Plaintiff alleges on October 16, 2014, defendant Hinton gave Plaintiff two mail items from the Los Angeles Superior Court dated September 8, 2014 and September 18, 2014, each of which stated Plaintiff's failure to pay fees within ten days of their date would cause the Los Angeles Superior Court to void his lawsuit. Id. at 17, 25. Plaintiff further alleges the Los Angeles Superior Court voided his lawsuit because he missed the deadlines; defendant Hinton caused him to miss the deadlines by "with[h]olding Plaintiff's mail more than necessary. Depriving access to the Courts and to Petition the redress of his grievances;" and defendant Hinton "violated Calif. Code of regulations concerning mail[,] arbitrarily practicing his own standards in giving mail." Id. at 5, 17-18.

**G. Claim Seven**

In Claim Seven, Plaintiff alleges on September 9, 2014, he wrote a letter to send to the Los Angeles Superior Court concerning his lawsuit and asked defendant Portilla to "check and sign his outgoing legal mail." Id. at 15-16. Plaintiff alleges "[i]nstead of [j]ust checking the letter for contraband, [defendant Portilla] began to read Plaintiff's mail, word for word;" Plaintiff asked defendant Portilla to stop reading the letter; and defendant Portilla refused. Id. at 16. Plaintiff alleges he consequently did not send the letter. Id. Plaintiff concludes defendant Portilla "violat[ed] the law and [he] should be trained in the procedures of the Legal mail," and defendant Portilla "deprived Plaintiff the right to access the courts." Id.

**H. Claim Eight**

In Claim Eight, Plaintiff alleges on September 12, 2014, he wrote a letter to send to the Los Angeles Superior Court concerning his lawsuit and asked defendant Parra to "sign Plaintiff's outgoing mail." Id. at 16. Plaintiff alleges "[defendant Parra] began to read Plaintiff's mail," Plaintiff asked defendant Parra

to stop reading the letter, and defendant Parra refused. Id. at 16-17. Plaintiff alleges he consequently did not send the letter. Id. Plaintiff concludes defendant Parra "deprived Plaintiff access to the courts violating the rules concerning the mail arbitrarily implementing her own rules." Id. at 17.

**I. Claim Nine**

In Claim Nine, Plaintiff alleges defendant County failed to "train their employees on the procedures regarding Legal mail, . . . [e]ven though an established policy about the mail exists." Id. at 15.

**III.**

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has held "[a] trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)" and has also stated "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642 F.2d 359, 361–62 (9th Cir. 1981)).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

Plaintiff's FAC fails to allege facts sufficient to show Defendants violated his constitutional rights. For reasons discussed below, the Court dismisses the FAC with leave to amend.

///

### A. Plaintiff Misjoins Claims One Through Five Against Defendants

**Rabadi, Wong, Hanisper, Municipality, And County In Their Official And Individual Capacities**

Claims One through Five allege defendants Rabadi, Wong, Hanisper, Municipality, and County, in their official and individual capacities, impeded the treatment of Plaintiff's staph infection. FAC 7-8, 10-12, 14. As discussed below, the Court dismisses Claims One through Five because they were not raised in the Complaint and are unrelated to Plaintiff's original claims.

**1. Applicable Law**

If a court issues an order granting a plaintiff leave to amend, the plaintiff's failure to comply with the court's order may warrant dismissal. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In addition, under Federal Rule of Civil Procedure 20, a plaintiff may join defendants in a single complaint if: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Misjoinder occurs where the facts giving rise to claims lack "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); see Talib v. Nicholas, 2015 WL 456546, at *9 (C.D. Cal. Feb. 2, 2015) ("General allegations are not sufficient to constitute similarity when the specifics are different.").

**2. Analysis**

Here, Plaintiff's FAC misjoins Claims One through Five. FAC 4-5, 8-14. Plaintiff's Complaint alleged defendants interfered with his mail. Compl. 15-16. The Court's June 1, 2015 Order granted Plaintiff leave to cure the Complaint's deficiencies and amend only with respect to the claims raised in the Complaint. Order 6. Plaintiff's FAC now attempts to join new claims that are wholly unrelated to his original claims. FAC 7-8, 10-12, 14. Specifically, Claims One

through Five against defendants Rabadi, Wong, Hanisper, Municipality, and County arise from their alleged interferences with Plaintiff's staph infection treatment. Id. The FAC's newly added Claims One through Five bear no relation to the alleged mail mishandling that comprises Plaintiff's original claims. Coughlin, 130 F.3d at 1350. Therefore, the Court dismisses Claims One through Five against defendants Rabadi, Wong, Hanisper, Municipality, and County in their official and individual capacities because such claims fail to comply with the Court's Order and are unrelated to Plaintiff's original claims. Ferdik, 963 F.2d at 1260; Fed. R. Civ. P. 20(a)(2). If Plaintiff wishes to continue to seek relief for his claims against defendants Rabadi, Wong, Hanisper, Municipality, and County arising out of alleged interferences with his staph infection treatment, he must file a separate action. Coughlin, 130 F.3d at 1350.

**B. Plaintiff Fails To State Claims Against Defendants Hinton, Portilla, and Parra In Their Official Capacities**

Plaintiff's FAC sues defendants Hinton, Portilla, and Parra in their official and individual capacities. FAC 5-7. As discussed below, the Court dismisses Plaintiff's official capacity claims.

**1. Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct.

1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). In addition, he must show the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

**2. Analysis**

Here, Plaintiff alleges defendants Hinton, Portilla, and Parra violated the relevant policies regarding inmate legal mail. FAC 5, 15-17. Specifically, Plaintiff alleges defendant Hinton "violated Calif. Code of regulations concerning mail." Id. at 5. Plaintiff further alleges defendant Portilla "violat[ed] the law and should be trained in the procedures of the Legal mail." Id. at 16. Moreover, Plaintiff alleges defendant Parra "violat[ed] the rules concerning the mail." Id. at 17. Hence, Plaintiff actually appears to allege defendants Hinton, Portilla, and Parra acted *in violation* of government policy, rather than pursuant to such policy. Therefore, Plaintiff fails to state official capacity claims against any of the individual defendants. Gillette, 979 F.2d at 1346.

**C. Claim Six Fails To State First And Fourteenth Access To The Courts Claims Against Defendant Hinton In His Individual Capacity**

Claim Six alleges defendant Hinton violated the First and Fourteenth Amendments by causing delays in Plaintiff's receipt of mail from the Los Angeles Superior Court. FAC 5, 15, 17-18, 25. As discussed below, the Court dismisses Claim Six because Plaintiff fails to allege defendant Hinton actively interfered in order to hinder Plaintiff's ability to litigate his lawsuit in the Los Angeles Superior Court.

**1. Applicable Law**

The First and Fourteenth Amendments provide the right to access the courts,

which means inmates must be able to litigate claims challenging the conditions of their confinement without active interference by prison officials. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). To state a claim against prison officials for denial of access to the courts during an inmate's pending civil litigation, the inmate must allege the prison officials acted "in order to hinder his ability to litigate his pending civil lawsuits." Id. at 1104.

**2. Analysis**

Here, Claim Six fails to allege facts sufficient to state First and Fourteenth Amendment violations. FAC 5, 15, 17-18, 25-26. Plaintiff alleges defendant Hinton caused him to miss deadlines by "with[h]olding Plaintiff's mail more than necessary. Depriving access to the Courts and to Petition the redress of his grievances." Id. at 17-18. However, Plaintiff does not allege facts suggesting defendant Hinton actively interfered with Plaintiff's mail "in order to hinder his ability to litigate his pending lawsuits." Silva, 658 F.3d at 1104. Thus, Claim Six fails to allege facts sufficient to show defendant Hinton denied Plaintiff access to the courts. Id.

**D. Claims Seven and Eight Fail To State Sixth Amendment Confidential Legal Mail Claims Against Defendants Portilla And Parra In Their Individual Capacities**

Claims Seven and Eight allege defendants Portilla and Parra violated the Sixth Amendment by reading Plaintiff's mail to the Los Angeles Superior Court. FAC 15-16. As discussed below, the Court dismisses Claims Seven and Eight because correspondence between Plaintiff and the Los Angeles Superior Court does not constitute legal mail.

**1. Applicable Law**

A Sixth Amendment violation occurs where prison officials read correspondence between an inmate and his lawyer. Nordstrom v. Ryan, 762 F.3d 903, 906 (9th Cir. 2014). "This is because it is highly likely that a prisoner would

not feel free to confide in his lawyer such things as incriminating or intimate personal information—as is his Sixth Amendment right to do—if he knows that the guards are reading his mail." Id. However, correspondence between an inmate and a court does not constitute "legal mail" implicating Sixth Amendment protections. Id.; Meador v. Pleasant Valley State Prison, 312 F. App'x 954, 955 (9th Cir. 2009) (stating "because the mail at issue appeared to come from the California Court of Appeal, it did not constitute constitutionally protected 'legal mail'").[3]

**2. Analysis**

Here, Claims Seven and Eight fail to allege facts sufficient to state Sixth Amendment violations. FAC 15-17. Plaintiff alleges defendants Portilla and Parra read letters he intended to send to the Los Angeles Superior Court. Id. at 15-16. However, correspondence to the Los Angeles Superior Court does not constitute legal mail entitled to Sixth Amendment protections. Nordstrom, 762 F.3d at 906. Therefore, the Court dismisses Claims Seven and Eight because they do not allege defendants Portilla and Parra violated Plaintiff's Sixth Amendment rights by reading his legal mail. Id.

**E. Claim Nine Fails To State A Claim Against Defendant County**

Claim Nine alleges defendant County failed to "train their employees on the procedures regarding Legal mail, . . . [e]ven though an established policy about the mail exists." FAC 15. As discussed below, the Court dismisses Claim Nine because it is conclusory and fails to show Plaintiff has been deprived of a constitutional or statutory right.

**1. Applicable Law**

In determining whether a plaintiff's complaint states a claim, "the tenet that

---

[3] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S.Ct.App. 9th Cir. Rule 36–3(b); Fed. R.App. P. 32.1(a).

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)).

In addition, to hold a county liable under Section 1983, a plaintiff must first establish that he has been deprived of a constitutional or statutory right. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986) (deficient policy cannot support Monell liability when there has been no constitutional harm); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir.2008) ("Because there is no constitutional violation, there can be no municipal liability."); Scott v. Henrich, 39 F.3d 912, 916 (9th Cir.1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights. Here, the municipal defendants cannot be held liable because no constitutional violation occurred.").

**2. Analysis**

Here, Plaintiff makes the conclusory allegation that defendant County had a policy with respect to mail, but failed to train employees about the policy. FAC 15. However, Plaintiff's "mere conclusory statements, do not suffice," Ashcroft, 556 U.S. at 678, and thus "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory," Zamani, 491 F.3d at 996 (citation and internal quotation marks omitted). Moreover, as discussed previously in section D, Plaintiff fails to establish a constitutional violation with respect to "legal mail," hence, his claim against defendant County regarding this issue necessarily fails. Monell, 436 U.S. at 690.

**IV.**

**LEAVE TO FILE SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT within 21 days of the service date of this Order:

1) Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.

2) If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik, 963 F.2d at 1262. After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

///

///

**The Court cautions Plaintiff that his failure to timely comply with this Order may result in the Court dismissing this action for failure to prosecute and comply with court orders.**

DATED: OCTOBER 7, 2015

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE