# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD MILON FIELDS, <br> Plaintiff, <br> v. <br> JIM MCDONNEL, et al., <br> Defendants. | Case No. CV 15-03943-DDP (KK) <br><br> ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Reginald Milon Fields ("Plaintiff"), an inmate proceeding pro se, has filed a Second Amended Complaint ("SAC") in his civil rights action pursuant to 42 U.S.C. § 1983. ECF Docket No. ("Dkt.") 24, SAC. The SAC sues defendants C.A. Hinton, Doctor Hanisper, Municipality, County of Los Angeles, and Deputies Rabadi, Wong, Portilla, and Parra, alleging they violated Plaintiff's constitutional rights by impeding his medical treatment and mishandling his mail. Id. Based upon the reasons set forth below, the Court dismisses the SAC with leave to amend.

# I.

# **BACKGROUND**

On March 16, 2015, Plaintiff, an inmate at North County Correctional Facility, constructively filed[1] a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Compl. The Complaint named defendants Sheriff Jim McDonnel, C.A. Hinton, Deputy Portilla, and Deputy Parra, and alleged they violated Plaintiff's constitutional rights by reading his legal mail. Id. On June 1, 2015, the Court issued an Order dismissing the Complaint with leave to amend for failure to state a claim. Dkt. 3, Order Dismissing Compl. Leave Am. The Court's Order granted Plaintiff leave to cure the Complaint's deficiencies and amend only with respect to the claims raised in the Complaint by filing a First Amended Complaint ("FAC"). Id. at 6.

On September 20, 2015, Plaintiff constructively filed a FAC. Dkt. 19, FAC. The FAC named defendants Deputy Rabadi, Deputy Wong, Doctor Hanisper, Municipality of Los Angeles, County of Los Angeles, C.A. Hinton, Deputy Portilla, and Deputy Parra, and alleged they violated Plaintiff's constitutional rights by: (1) impeding Plaintiff's medical treatment for a staph infection; and (2) reading and interfering with Plaintiff's legal mail. Id. On October 7, 2015, the Court issued an Order dismissing the FAC with leave to amend for failure to state a claim. Dkt. 20, Order Dismissing FAC Leave Am. The Court's Order granted Plaintiff leave to cure the FAC's deficiencies and amend only with respect to the

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed and dated the Complaint on March 16, 2015. See Dkt. 1, Compl. Thus, the Court deems March 16, 2015 the filing date.

claims raised in the Complaint by filing a SAC ("SAC"). Id. at 13. Specifically, the Court stated "Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint." Id.

On October 27, 2015, Plaintiff constructively filed the instant SAC against defendants Deputy Rabadi, Deputy Wong, Doctor Hanisper, Municipality, County of Los Angeles ("County"), C.A. Hinton, Deputy Portilla, and Deputy Parra ("Defendants"). Dkt. 24, SAC. Plaintiff sues Municipality and County in their official capacities, and the remaining defendants in their individual capacities. Id. at 4-6. The SAC makes nine claims ("Claims One through Nine") arising from allegations Defendants: (1) impeded medical treatment of Plaintiff's staph infection; and (2) mishandled Plaintiff's mail.

## II.
## PLAINTIFF'S ALLEGATIONS IN THE SAC

Claims One through Five allege defendants Rabadi, Wong, Hanisper, Municipality, and County impeded the treatment of Plaintiff's staph infection. SAC 7-24.[2] Claims Six through Nine allege defendants Hinton, Portilla, Parra, and County mishandled Plaintiff's mail. Id. at 24-31.

**A.  CLAIM ONE**

In Claim One, Plaintiff alleges on June 6, 2013, signs posted at North County Correctional Facility informed inmates and prison officials about staph infections "with pictures of different kinds of staph skin infections in their different stages. The[] signs . . . notifie[d] inmates if they have any of these symptoms to notify the deputy immediately." Id. at 7, 9. Plaintiff alleges he requested medical treatment for his staph infection, but defendant Rabadi denied him access to medical care and "threatened to send Plaintiff to the hole." Id. at 21.

---

[2]  The Court refers to the pages of the SAC as if they were consecutively paginated.

3

**B.  CLAIM TWO**

In Claim Two, Plaintiff alleges "[o]n or about sometime in July 2013," he asked defendant Wong for medical care for his staph infection. Id. at 12. Plaintiff alleges defendant Wong asked for Plaintiff's age, instructed him to pack his personal belongings, and escorted him to "the old man dorm instead of the hospital." Id. at 13. Plaintiff further alleges defendant Wong "tricked Plaintiff acting as if she was trying to help Plaintiff but in actuality harm[ed] Plaintiff." Id. at 14.

**C.  CLAIM THREE**

In Claim Three, Plaintiff alleges "[o]n or about June 22, 2013" defendant Hanisper examined his staph infection and prescribed him fifteen days of antibiotics. Id. at 15-16. Plaintiff alleges after fifteen days of antibiotics, defendant Hanisper examined him again and discharged him, although "[a]ny ordinary doctor would have known that Plaintiff still depicted symptoms/infected because he was still swollen and in pain." Id. at 17. Plaintiff further alleges defendant "Hanisper knew Plaintiff also had something wrong with his liver as the doctors at Olive View diagnosed Plaintiff with a life threatening infection" and Plaintiff's premature discharge caused him to have "E. Coli as well." Id. at 18.

**D.  CLAIM FOUR**

In Claim Four, Plaintiff alleges defendant "Municipality implemented a policy concerning a[n] infectious disease, hung that policy upon the walls of the jail building, but failed to train and supervise their own employees the measures to be taken concerning that policy." Id. at 21.

**E.  CLAIM FIVE**

In Claim Five, Plaintiff alleges defendant County:
has not trained these employees in health care issues involving the cleanliness of the jail. This is where all of my medical mishaps have came from. The jail is filthy mold and mildew in the shower. No

cleaning materials sufficient to clean with but disinfectant diluted with
water.  That has to be bought from the trustees for a price.

Id. at 23.

### F.   CLAIM SIX

In Claim Six, Plaintiff alleges on October 16, 2014, defendant Hinton gave Plaintiff "letters the Courts mailed on September 8, 18, 2014." Id. at 25.  Each letter allegedly stated Plaintiff's failure to respond within ten days of their date would cause dismissal of "his complaint/claim," and Plaintiff's delayed receipt of the letters allegedly caused his cases to be dismissed.  Id.  Plaintiff alleges "the second letter the court sent had been deliberately with[h]eld from Plaintiff by [defendant] Hinton . . . personally." Id.  Plaintiff also alleges defendant Hinton lied about when Plaintiff could "X-erox the letter and sign the date [Plaintiff] received the letter." Id. at 25-26.  Plaintiff further alleges "[o]n or about October 20, 2015, Plaintiff wrote a complaint concerning [defendant] Hinton with[h]olding his mail causing Plaintiff to default with the Courts.  There was never a response given to the complaint." Id. at 26.

### G.   CLAIM SEVEN

In Claim Seven, Plaintiff alleges on September 9, 2014, "Plaintiff presented a Confidential Correspondence Legal mail letter to [defendant] Portilla to sign, put his number, and date." Id. at 27.  Plaintiff alleges defendant Portilla read the letter "word for word like reading a novel." Id.  Plaintiff also alleges he told defendant Portilla, "You are not suppose[d] to be reading my confidential legal mail to the courts!" Id.  Plaintiff alleges defendant Portilla responded by saying "Well, if I cannot read it[,] I am not going to sign it," "threatening Plaintiff," and "[h]indering Plaintiff's communication with the court." Id. at 27-28.

### H.   CLAIM EIGHT

In Claim Eight, Plaintiff alleges "on or about September 11, 2014," he asked defendant Parra to "sign his outgoing Confidential Correspondence," which was a

letter to a court. Id. at 28. Plaintiff alleges defendant Parra "took the letter out of the envelope [and] immediately began to start reading the letter," over Plaintiff's protests. Id. at 29. Plaintiff further alleges defendant Parra looked "at Plaintiff with a kind of smile/smirk on her face," and "did what she wanted to do in inspecting [his] mail depriving Plaintiff the opportunity to communicate with the Courts timely." Id. at 29-30.

## I.	CLAIM NINE

In Claim Nine, Plaintiff alleges defendant County "ha[s] not trained their employees deputies, C.A. assistants, as to the proper procedures when checking outgoing mail." Id. at 30. Plaintiff alleges defendant Parra's statement that she had to read his legal mail to ensure Plaintiff complied with rules shows "she has not been trained in the procedures or willingly do[es] not want to follow those established procedures." Id. 30-31.

## III.
## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has held "[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" and has also stated "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).

However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

## IV.

## DISCUSSION

### A. PLAINTIFF MISJOINS CLAIMS ONE THROUGH FIVE AGAINST DEFENDANTS RABADI, WONG, HANISPER, MUNICIPALITY, AND COUNTY

If a court issues an order granting a plaintiff leave to amend, the plaintiff's failure to comply with the court's order may warrant dismissal. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In addition, under Federal Rule of Civil Procedure 20, a plaintiff may join defendants in a single complaint if: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Misjoinder occurs where the facts giving rise to claims lack "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); see Talib v. Nicholas, 2015 WL 456546, at *9 (C.D. Cal. Feb. 2, 2015) ("General allegations are not sufficient to constitute similarity when the specifics are different.").

Here, Plaintiff's SAC misjoins Claims One through Five. Plaintiff's original Complaint alleged defendants interfered with his mail. Compl. 15-16. The Court's June 1, 2015 Order granted Plaintiff leave to cure the Complaint's deficiencies and amend only with respect to the claims raised in the Complaint. Order Dismissing Compl. Leave Am. 6. Despite this Order, Plaintiff filed a FAC which attempted to present new claims wholly unrelated to the claims presented in the Complaint. See FAC. Thus, in dismissing the FAC, the Court again ordered, "Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint." Order Dismissing FAC Leave Am. 13.

Plaintiff's SAC once again attempts to join new claims that are wholly unrelated to his original claims. SAC 7-24. Specifically, Claims One through Five

against defendants Rabadi, Wong, Hanisper, Municipality, and County arise from their alleged interferences with Plaintiff's staph infection treatment, and bear no relation to the alleged mail mishandling that comprises Plaintiff's original claims. See id.; Coughlin, 130 F.3d at 1350.  Claims One through Five against defendants Rabadi, Wong, Hanisper, Municipality, and County must therefore be dismissed. Ferdik, 963 F.2d at 1260; Fed. R. Civ. P. 20(a)(2).

The Court again advises if Plaintiff wishes to continue to seek relief for his claims against defendants Rabadi, Wong, Hanisper, Municipality, and County arising out of alleged interferences with his staph infection treatment, he must file a separate action.  See Coughlin, 130 F.3d at 1350.

**B.   CLAIM SIX FAILS TO STATE FIRST AND FOURTEENTH AMENDMENT ACCESS TO THE COURTS CLAIMS AGAINST DEFENDANT HINTON**

The First and Fourteenth Amendments provide the right to access the courts, which means inmates must be able to litigate claims challenging the conditions of their confinement without active interference by prison officials.  Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011).  To state a claim against prison officials for denial of access to the courts during a plaintiff inmate's pending civil litigation, the plaintiff must allege the prison officials acted "in order to hinder his ability to litigate his pending civil lawsuits." Id. at 1104.

In addition, a plaintiff must allege an actual injury, i.e., that some official action has frustrated or is impeding the plaintiff's attempt to bring a nonfrivolous legal claim.  Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Specifically, a plaintiff must describe: (1) a nonfrivolous underlying claim that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope;" (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim.

Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). A missed filing deadline, by itself, does not state an access to the courts claim. See Flagg v. City of Detroit, 715 F.3d 165, 178-79 (6th Cir. 2013) (plaintiff is not required to prove government obstruction caused him to lose underlying claim, but must show that the claim was at least arguably meritorious and not frivolous); Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006) (plaintiff alleging denial of access to the courts must "identify within his complaint [ ] a nonfrivolous, arguable underlying claim") (internal quotation marks omitted).

Here, Claim Six fails to state First and Fourteenth Amendment claims against defendant Hinton. While Plaintiff alleges defendant Hinton deliberately withheld Plaintiff's mail and lied about when Plaintiff could make copies of the mail and sign off for it, Plaintiff fails to show defendant Hinton acted "in order to hinder his ability to litigate his pending civil lawsuits." See Silva, 658 F.3d at 1103-04. Plaintiff also fails to allege defendant Hinton's actions frustrated or impeded Plaintiff's attempt to bring a nonfrivolous legal claim. See Nevada Dept. of Corrections, 648 F.3d at 1018. Plaintiff fails "to show that the 'arguable' nature of the claim is more than hope." See Christopher, 536 U.S. at 416. Plaintiff further fails to show defendant Hinton frustrated the litigation of that underlying claim and a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Id. Plaintiff's First and Fourteenth Amendment claims against defendant Hinton must therefore be dismissed.

///
///
///
///

**C.   CLAIMS SEVEN AND EIGHT FAIL TO STATE CLAIMS AGAINST DEFENDANTS PORTILLA AND PARA FOR VIOLATING**

1  **PLAINTIFF'S RIGHT TO ACCESS THE COURTS UNDER THE**
2  **FIRST AND FOURTEENTH AMENDMENTS, AND RIGHT TO**
3  **COUNSEL UNDER THE SIXTH AMENDMENT**

4  As stated in IV.B. of this Order, the First and Fourteenth Amendments
5  provide the right to access the courts. Silva, 658 F.3d at 1103; Nevada Dept. of
6  Corrections, 648 F.3d at 1018; Christopher, 536 U.S. at 416.

7  In addition, the Sixth Amendment prohibits prison officials from reading
8  correspondence between an inmate and his lawyer. Nordstrom v. Ryan, 762 F.3d
9  903, 906 (9th Cir. 2014). "This is because it is highly likely that a prisoner would
10 not feel free to confide in his lawyer such things as incriminating or intimate
11 personal information -- as is his Sixth Amendment right to do -- if he knows that
12 the guards are reading his mail." Id. However, correspondence between an inmate
13 and a court does not constitute "legal mail" implicating Sixth Amendment
14 protections. Id.; Meador v. Pleasant Valley State Prison, 312 F. App'x 954, 955
15 (9th Cir. 2009) (stating "because the mail at issue appeared to come from the
16 California Court of Appeal, it did not constitute constitutionally protected 'legal
17 mail'").[3]

18 Here, Claims Seven and Eight fail to state First and Fourteenth Amendment
19 access to the courts claims against defendants Portilla and Parra. While Plaintiff
20 alleges defendants Portilla and Parra read letters he wrote to courts, Plaintiff fails
21 to allege any facts showing defendants Portilla and Parra read his letters "in order
22 to hinder his ability to litigate his pending civil lawsuits." See SAC 27-30; Silva,
23 658 F.3d at 1103-04. Rather, Plaintiff concedes defendants Portilla and Parra read
24 his letters to ensure he complied with certain rules. SAC 27-29. In addition,
25 Plaintiff fails to allege the actions of defendants Portilla and Parra frustrated or

---

[3] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R.App. P. 32.1(a).

impeded Plaintiff's attempt to bring a nonfrivolous legal claim. See Nevada Dept. of Corrections, 648 F.3d at 1018. Plaintiff fails to show "the 'arguable' nature of the claim is more than hope," defendants Portilla and Parra frustrated the litigation of that underlying claim, and a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. See Christopher, 536 U.S. at 416. Plaintiff's First and Fourteenth Amendment claims against defendants Portilla and Parra must therefore be dismissed.

In addition, Claims Seven and Eight fail to state Sixth Amendment claims against defendants Portilla and Parra. Plaintiff alleges defendants Portilla and Parra caused him to delay mailing letters to courts. SAC 27-30. However, correspondence to courts, as opposed to Plaintiff's lawyer, fails to constitute legal mail and thus lacks Sixth Amendment protections. See Nordstrom, 762 F.3d at 906; Meador, 312 F. App'x at 955. Plaintiff's Sixth Amendment claim against defendants Portilla and Parra must therefore be dismissed.

**D.     CLAIM NINE FAILS TO STATE A CLAIM AGAINST DEFENDANT COUNTY FOR FAILURE TO TRAIN**

To state a failure to train claim, a plaintiff must show: (1) he was deprived of a constitutional right; (2) the defendant had a training policy that amounts to "deliberate indifference" to the constitutional rights of the persons' with whom its officers are likely to come into contact; and (3) his constitutional injury would have been avoided had the defendant properly trained those officers. Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007). With respect to the second prong, the plaintiff must allege "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, Ohio v. Harris, 489 U.S. 378, 388-90, 109

S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

Here, Claim Nine fails to state a claim against County for failure to train. Plaintiff alleges County failed to train prison officials "as to proper procedures when checking outgoing mail." SAC at 30. As discussed above, Plaintiff fails to allege a deprivation of any constitutional right and hence, has not alleged a violation of his constitutional rights caused by the County's alleged failure to train. Plaintiff further fails to allege prison officials' need for more or different training is so obvious, in light of their duties, that County can reasonably said to have been deliberately indifferent. See City of Canton, 489 U.S. at 388-90. Finally, Plaintiff fails to allege his constitutional injury would have been avoided had County properly trained prison officials regarding mail procedures. See id. Plaintiff's failure to train claim against County must therefore be dismissed.

## IV.

## **LEAVE TO FILE THIRD AMENDED COMPLAINT**

For the foregoing reasons, the SAC is subject to dismissal. However, as the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, IT IS ORDERED THAT within twenty-one (21) days of the service date of this Order:

1) Plaintiff may file a Third Amended Complaint ("TAC") to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the TAC, which the Court encourages Plaintiff to use.**

2) If Plaintiff chooses to file a TAC, Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims**

**asserted in the Complaint.** In addition, the TAC must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik, 963 F.2d at 1260. After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the TAC. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a TAC that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, if Plaintiff files a TAC with claims on which relief cannot be granted, the Court may recommend dismissal of the TAC without leave to amend and with prejudice.

**The Court cautions Plaintiff that his failure to timely comply with this Order may result in dismissal of this action for failure to prosecute and comply with court orders.**

DATED: November 24, 2015

/s/ Kenly Kato

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE